UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | CRIMINAL ACTION NO: |
| v. | § | 3:17-CR-169-B |
| | § | |
| SAID AZZAM MOHAMAD RAHIM, | § | |
| Defendant. | § | |

PRETRIAL ORDER

| Motions due | April 27, 2017 |
|---|---|
| Responses Due | May 11, 2017 |
| Proposed voir dire and jury instructions due | May 15, 2017 |
| Pretrial Conference set | May 19, 2017 at 10:00 AM |
| Jury selection and trial set | May 22, 2017 at 9:00 AM. |

1. This case is **set for trial** on **May 22, 2017 at 9:00 AM.** Counsel and the parties shall be ready for trial on that date. Any potential scheduling conflicts must be called to the attention of the Court **in writing** within ten (10) days of the date of this order.

2. By **April 14, 2017,** the government shall provide **full discovery** to the defendant in accordance with **Rule 16(a)**, FED. R. CRIM. P. By **April 14, 2017**, the defendant shall provide full discovery to the government in accordance with **Rule 16(b)**, FED. R. CRIM. P.

3. By **April 14, 2017**, the government shall, in accordance with *Brady v. Maryland*, 373 U.S. 83 (1963), provide the defendant with all of the **exculpatory evidence** it possesses concerning the defendant.

4. The government shall provide the defendant with all **Jencks Act material** (18 U.S.C. § 3500) on the day prior to the testimony of the witness to whom such material relates.

5. By **April 27, 2017,** all **pretrial motions** shall be filed, and they must comply with **Local Rule 47.1**. Discovery motions and motions for a bill of particulars will be denied in their entirety unless they are limited to the specific matters actually in dispute, **after conference with opposing counsel**, as required by Local Rules 5.1(a) and (c).

6. By **May 11, 2017,** the **government's response**, to the pretrial motions shall be filed.

7. By **May 15, 2017,** all **pretrial materials** shall be filed. Specifically, by this date:

    a. <u>A list of witnesses</u> shall be filed by each party – which divides the persons listed into groups of "**probable witnesses,**" "**possible witnesses,**" "**experts**" and "**record custodians;**" which states the **name and address** of each witness; and which contains a brief **narrative summary** of the testimony to be covered by each witness. (Modification of Local Rule 8.1(b)).

    b. <u>A list of exhibits</u> to be offered at trial shall be filed by each party. In addition, each party shall **number the listed exhibits** with gummed labels (which the parties must provide themselves); shall **exchange a complete set** of marked exhibits with opposing counsel; and shall **deliver to the Court's chambers one hard copy and one digital copy of the marked exhibits** (except large or voluminous items that cannot be easily reproduced). (Modification of Local Rule 8.1(b)).

    c. Additional copies of the **list of witnesses** and **list of exhibits** (as required by Local Rule 8.1(b)) shall be **delivered** by each party, **on the day the case is set for trial**, to the **court reporter**.

    d. <u>Requested jury instructions (annotated)</u>,[1] any **motions in limine** (which must be limited to matters actually in dispute), and

---

[1] "Annotated" means that <u>each</u> proposed instruction shall be accompanied by citation to statutory or case authority and/or pattern instructions. It is not sufficient to submit a proposed instruction without citation

any **proposed voir dire questions** which the Court is requested to ask during its examination of the jury panel shall be filed by each party. (Modification of Local Rule 8.2(c) and (d)).

e. **A written statement** covering these matters shall be filed by each party: (i) the estimated **length of trial**; (ii) the status of any **plea bargaining** negotiations; (iii) any **scheduling problems** which the attorneys, parties or witnesses have during the trial docket; and (iv) **any additional matters** which would aid the disposition of this case.

f. **Trial briefs, if any**, shall be filed. In the absence of a specific order, trial briefs are not required but are welcomed. They should concentrate on Fifth Circuit and Supreme Court authority on the issues the parties anticipate will arise at trial.

**NOTE**: Deadlines set in this order are dates for **filing** or **delivery** of pretrial materials, **not mailing** dates.

8. A **final pretrial conference** in this case is set for **May 19, 2017 at 10:00 AM**. All pretrial motions not previously decided will be resolved at that time, and procedures for trial will be discussed. The defendant shall be present.

9. **SANCTIONS will be imposed if these pretrial requirements are not met.** If the **government** does not timely file the pretrial materials, the case will be dismissed. Any **defendant** who does not timely file the required pretrial materials will not be permitted to present witnesses or exhibits at trial. **Failure to list a witness or an exhibit** shall be grounds for exclusion of that testimony or exhibit. This does not apply to exhibits or testimony offered for **impeachment**; and

---

to supporting authority. Because Fifth Circuit and Supreme Court cases are the only precedent binding on this court, the parties should – to the extent possible – rely on these sources (and/or Fifth Circuit pattern instructions) in proposing jury instructions.

the use of unlisted exhibits or witnesses for **rebuttal** shall be permitted if the attorneys could not have reasonably anticipated their need for that evidence.

10. Questions about this scheduling order or about any other matters related to this case should be directed to Judge Boyle's courtroom deputy by calling **(214) 753-2740** and then pressing the option for "criminal cases." If, upon pressing the "criminal cases" option, the phone goes to voice-mail, please leave a message (include the case name and number, as well as your name and number and that of opposing counsel) which will be transmitted as an e-mail to Judge Boyle's staff. Alternatively, you can e-mail the Court regarding your case at **Boyle_Criminal@txnd.uscourts.gov**. If you choose to e-mail the Court, include the case name and number, as well as your name and number. *You must copy opposing counsel* on your e-mail to the Court. If you do not copy opposing counsel, you will not receive a response to your e-mail.

**SO ORDERED**.

Signed this March 31, 2017.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE