IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | CRIMINAL NUMBER 3:17-CR-169-B |
| | § | |
| V. | § | Judge Jane J. Boyle |
| | § | |
| SAID AZZAM MOHAMAD RAHIM | § | |

### DEFENDANT'S MOTION TO REVOKE OR AMEND MAGISTRATE'S ORDER OF PRETRIAL DETENTION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now the Defendant, SAID AZZAM MOHAMMAD RAHIM by and through undersigned counsel, pursuant to 18 U.S.C. § 3145(b), and hereby moves this District Court to conduct a de novo review of the facts in this case relating to the Magistrate's order of March 15, 2017 [Doc. 11], and revoke this order of Detention. By virtue of this order, Mr. Rahim is currently detained awaiting the resolution of the above styled and numbered criminal case. Mr. Rahim moves this Court to release him subject to conditions of release during the pendency of the above styled and numbered criminal case. Mr. Rahim would request oral argument to aid in the determination of this motion. In support of this motion, Mr. Rahim would respectfully show unto the Court as follows.

## I.

### PROCEDURAL HISTORY

Mr. Rahim has been charged in a six-count indictment alleging the offense of making a Flase Statement to a Federal Agency, in violation of 18 U.S.C. § 1001. [Doc. 13]. On March 6, 2017, the Government filed a Motion for Detention [Doc. 3] requesting Mr. Rahim be placed into custody during the pendency of this case.

On March 15, 2017, a detention hearing was held before United States Magistrate Judge Renee Harris Tolliver. After hearing the evidence and arguments of counsel, the Magistrate ordered Mr. Rahim be detained during the pendency of this case. In the Magistrate's order, filed March 15, 2017 [Doc. 11], Judge Tolliver stated as follows:

> "based on (1) the evidence and arguments presented, (2) the pretrial services report, and (3) the factors listed in 18 U.S.C. § 3142(g), and for the reasons stated on the record at the hearing, the Court finds by a preponderance of the evidence that there is no condition or combination of conditions which will reasonably assure Defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions which will reasonably assure the safety of the community or another person."

Mr. Rahim remains in the custody of the United States Marshals. This case has been declared as complex via a joint motion filed on April 21, 2017. [Doc. 23]. Trial in this cause is currently scheduled for December 4, 2017.

## II.

## LEGAL AUTHORITY

### A.    Standard of Review for Detention

Pursuant to 18 U.S.C. § 3145(b), this Court retains the authority to review a Magistrate's order detaining a defendant in a federal criminal case. When reviewing a Magistrate's order of detention, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release. *United States v. Reuben*, 974 F.2d 580, 585 (5th Cir. 1992); *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985). Under the Bail Reform Act, a defendant shall be released pending trial unless a judicial officer determines that release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." *United States v. Hare*, 873 F.2d 796, 798 (5th Cir.

1989). "[T]he lack of reasonable assurance of either the defendant's appearance or the safety of others or the community is sufficient; both are not required." *Fortna*, 769 F.2d at 249 (citation omitted). "[I]n determining whether there are conditions of release that will reasonably assure the appearance of the person as required," a court must consider: "(1) the nature and circumstances of the offense charged ...; (2) the weight of the evidence against the person; (3) the history and characteristics of the person ...; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). In ascertaining whether risk of flight warrants detention, "the judicial officer should determine, from the information before him, that it is more likely than not that no condition or combination of conditions will reasonably assure the accused's appearance." *Fortna*, 769 F.2d at 250 (citation omitted).

The Due Process Clause of the Fifth Amendment forbids pretrial detention that is punitive, rather than regulatory, in nature. *See United States v. Salerno*, 481 U.S. 739, 747–48, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). The Supreme Court has generally upheld the constitutionality of the Bail Reform Act, under which the district court here has ordered Rahim's pretrial detention, as serving regulatory and not punitive ends. *See id.* In doing so, however, the Court intimated that pretrial detentions may "become excessively prolonged ... in relation to Congress's regulatory goal" as to be punitive in nature. *See id*. at 747 n. 4, 107 S.Ct. 2095. To determine whether pretrial detention becomes excessively prolonged and violates due process "requires assessment on a case-by-case basis, for the clause establishes no specific limit on the length of pretrial confinement." United States v. Hare, 873 F.2d 796, 801 (5th Cir. 1989). The Fifth Circuit explained in *Hare*:

> In determining whether due process has been violated, a court must consider not only factors relevant in the initial detention decision,

      such as the seriousness of the charges, the strength of the government's proof that the defendant poses a risk of flight or a danger to the community, and the strength of the government's case on the merits, but also additional factors such as the length of the detention that has in fact occurred or may occur in the future, the non-speculative nature of future detention, the complexity of the case, and whether the strategy of one side or the other occasions the delay.

*Id.*

### III.

### ARGUMENT

**A.** <u>**This case has already faced significant delay, and will likely continue to be delayed in the future, through no fault of the Defendant**</u>

Given the complexities of this case, as well as the stringent protocols and procedures that regulate the dissemination of discovery materials in this case, counsel for Defense has only recently been provided with the initial rounds of discoverable materials. It is Defendant's understanding that additional discovery will eventually be made available, but no timetable for such production has been provided at this point. While Defendant recognizes that this delay is likely not due to any negligence or malice of behalf of the Government, it is nevertheless a delay that will extend the period of detention to a length far beyond what was originally anticipated at the time of the initial detention hearing. It is also true that no litigation strategy or tactic of the Defendant is at all responsible for the delays already realized, as well as those likely to come in the foreseeable future.

As of the date of this filing, Mr. Rahim has been detained for almost five months. Should the trial setting in December actually be reached (which is highly unlikely given the current pace of litigation), the length of detention will increase to nine months. It should be noted, however that any estimation as to the ultimate length of Mr. Rahim's pretrial detention at this point is

speculative. Given the exceedingly slow pace by which this case has proceeded thus far, it is anyone's guess as to how long Mr. Rahim will be forced to remain in custody while awaiting his trial in this matter.

### B. A change in circumstances has occurred since the initial detention hearing, making it proper to review and amend the detention order.

It has recently been brought to the attention of defense counsel that Mr. Rahim's wife and daughter are currently working on travelling back to the United States so they can be here to support their husband and father. The Government argued at the initial detention hearing that Mr. Rahim's wife and daughter being located abroad made him a flight risk. The Detention Order itself relied, numerous times on Mr. Rahim's "significant familial ties" to justify this Court's finding that Mr. Rahim is a flight risk. With his wife and daughter returning to the Northern District of Texas from overseas, the circumstances surrounding this finding have changed in a material way. Mr. Rahim has a large majority of his immediate family here in the Dallas area and any familial ties he has overseas will be drastically reduced once his wife and daughter are back in the country. He is not a flight risk, and conditions can be crafted that would reasonably assure his appearance at future court settings.

### C. There are conditions which could be imposed to reasonably assure the Defendant's presence.

This Court has at its disposal a myriad of options that it could utilize to craft a set of conditions which would assure not only the safety of the community, but Mr. Rahim's continued appearance at any future court settings. Mr. Rahim would be willing to abide any conditions this Court feels is reasonable, including, but not limited to: the surrender of his passport; GPS monitoring; being released into the custody of a third-party custodian; restrictions on internet

usage and communications; and any other conditions the Court thinks necessary to ensure Mr. Rahim's compliance.

## IV.

## CONCLUSION AND PRAYER FOR RELIEF

Given the slow development of the case to this point, it is Defendant's contention that his pretrial detention has now crossed from being regulatory in nature to being punitive. Also, given the change in his familial circumstances, Defendant requests that this Court revoke the Detention Order issued on October 26, 2016, and release Mr. Rahim on the least restrictive combination of conditions to reasonably assure his appearance.

Respectfully submitted,

WHALEN LAW OFFICE

   /s/JAMES P. WHALEN
JAMES P. WHALEN
TEXAS BAR CARD NO. 00794837
RYNE T. SANDEL
TEXAS BAR CARD NO. 24081689
9300 John Hickman Pkwy, Suite 501
Frisco, Texas  75035
Telephone:  (214) 368-2560
Facsimile:  (972) 829-8654

COUNSEL FOR DEFENDANT
SAID AZZAM MOHAMAD RAHIM

## CERTIFICATE OF CONFERENCE

This is to certify that undersigned counsel contacted Assistant U.S. Attorney Errin Martin, on the 9th day of August, 2017 who stated that the Government opposes this Motion.

      /s/JAMES P. WHALEN
      JAMES P. WHALEN

## CERTIFICATION OF SERVICE

This is to certify that a true and correct copy of the foregoing reply was delivered to Assistant U.S. Attorney Errin Martin, by electronic means on this the 25th day of August, 2017.

      /s/JAMES P. WHALEN
      JAMES P. WHALEN