UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | § | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:17-CR-0169-B |
| | § | |
| SAID AZZAM MOHAMAD RAHIM, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Suppress FISA-Related Material and for Disclosure of FISA-Related Material (Doc. 76). For the following reasons, the Court **DENIES** the Motion.

I.

BACKGROUND

Defendant Said Azzam Mohamad Rahim has been charged with six counts of making false statements in violation of 18 U.S.C. § 1001, one count of attempting to provide material support to a designated foreign terrorist organization in violation of 18 U.S.C. § 2339B, and one count of conspiracy to provide material support to a designated foreign terrorist organization in violation of 18 U.S.C. § 2339B. Doc. 71, 2d Superseding Indictment.

On October 18, 2018, the Government notified Rahim that it "intends to offer into evidence, or otherwise use or disclose . . . information obtained or derived from electronic surveillance conduct pursuant to the Foreign Intelligence Surveillance Act of 1978 ('FISA')." Doc. 73, Notice; *see* 50

U.S.C. § 1806(c). On December 26, 2018, pursuant to 50 U.S.C. § 1806(e), Rahim moved to have those materials disclosed to him or suppressed. Doc. 76, Mot. to Suppress, 1. On March 25, 2019, the Government filed its response in opposition to Rahim's motion and attached a declaration and claim of privilege from the United States Attorney General. Doc. 81, Gov't's Resp. (Declaration attached at Doc. 81-1). In this declaration, the Attorney General stated that disclosure or an adversary hearing with respect to the FISA materials related to this case would harm the national security of the United States. Doc. 81-1, Decl. of the Attorney General. This declaration triggered 50 U.S.C. § 1806(f)'s review process; thus, the Court "review[ed] in camera and ex parte the application, order, and such other materials relating to the surveillance as [was] necessary to determine whether the surveillance of the aggrieved person was lawfully authorized and conducted." 50 U.S.C. § 1806(f). After reviewing these materials and the parties' briefing, the Court is ready to decide Rahim's motion.

## II.

## ANALYSIS

Rahim first argues that the FISA evidence should be suppressed because: (1) a significant purpose of the investigation was not to obtain foreign intelligence information; (2) Rahim did not act as the agent of a foreign power, as defined by the statute; and (3) the FISA evidence was obtained solely on the basis of Rahim's protected First Amendment activities. Doc. 76, Mot. to Suppress, 8–12. Second, Rahim argues that disclosure of the FISA materials is necessary to determine the legality of the surveillance or is otherwise required by due process. *Id.* at 13–19. Last, Rahim makes a number of constitutional objections to FISA and the Patriot Act Amendments. *Id.* at 19–32.

First, the Court decides whether the surveillance of Rahim was lawfully authorized and

conducted. This requires the Court to review, *in camera* and *ex parte*, the classified materials that were submitted to the Foreign Intelligence Surveillance Court ("FISC") in support of the FISA application. 50 U.S.C. § 1806(f). The FISA application must include the information specified at 50 U.S.C. § 1804(a)(1)–(9) (electronic surveillance) and § 1823(a)(1)–(8) (physical searches). Of notable importance amongst these requirements, the Government must show that there is probable cause" to believe that the target is a foreign power or an agent of a foreign power and that the place of surveillance was being used, or was about to be used, by an agent of a foreign power. *United States v. El-Mezain*, 664 F.3d 467, 569–70 (5th Cir. 2011) (citing 50 U.S.C. § 1804(a)(3). The statute defines "agent of a foreign power" at § 1801(b)(1)–(2). Additionally, the Government must also submit a written certification from a high-level executive-branch official with national-security responsibilities, that a "significant purpose" of the proposed surveillance is to obtain foreign intelligence information. 50 U.S.C. § 1804(a)(6). Finally, minimization procedures that regulate the acquisition and retention, while prohibiting dissemination, of nonpublic information of unconsenting United States persons must also be followed. *Id.* § 1801(h)(1).

The Court first addresses Rahim's argument that the Government did not have probable cause to believe that he was a foreign power or agent thereof. Doc. 76, Mot. to Suppress, 10. Rahim asserts he is neither a foreign power, nor agent of one, because the case against him is based on his activity in relation to a social-media application and this activity has no international connection to terrorism. *Id.* at 11. After assessing the classified materials in support of the FISA application and conducting a *de novo* review of the FISC's probable-cause determination, the Court is fully convinced that the Government met FISA's probable-cause requirements, including the belief that the target of the surveillance was an agent of a foreign power and that the place of surveillance was being used,

or was about to be used, by an agent of foreign power. 18 U.S.C. § 1804(a)(3); *see also El-Mezain*, 664 F.3d at 569–70.

Next, Rahim contends that there was no foreign intelligence objective in his investigation, and thus the only purpose of the surveillance was criminal prosecution. Doc. 76, Mot. to Suppress, 9. While courts conduct a *de novo* review to determine the legality of the FISA surveillance and searches, certifications submitted in support of the FISA application should be presumed valid and subjected only to minimal judicial scrutiny. *See El-Mezain*, 664 F.3d at 568; *United States v. Huang*, 15 F. Supp. 3d 1131, 1140 (D.N.M. 2014). Thus, courts do not "second-guess whether the certifications were correct," but merely ensure they were made in accordance with FISA's requirements. *Huang*, 15 F. Supp. 3d at 1140 (quoting *United States v. Alwan*, 2012 WL 399154, at *7 (W.D. Ky. Feb. 7, 2012)). When the target is a United States person, the district court should also ensure that each certification was not "clearly erroneous." *Id.* Sensitive to the fact that Rahim's counsel makes this objection without the benefit of reviewing the information underlying the FISA application, the Court is nonetheless satisfied that the Executive Branch's certification meets all the FISA requirements, including the "significant purpose" requirement. The *in camera*, *ex parte* review of the FISA materials related to this matter convinces the Court that the Executive Branch's certification is free of clear error and that a significant purpose of the authorized surveillance was to gather foreign intelligence information. Rahim's argument to the contrary is rejected.

As for Rahim's First Amendment objections, the Court recognizes that no United States person may be considered a foreign power or an agent of a foreign power "solely upon the basis of activities protected by the first amendment." 50 U.S.C. §§ 1805(a)(2)(A), 1824(a)(2)(A). Based on the use of the word "solely" in the statute, courts have concluded that the "probable cause

determination may rely in part on activities protected by the First Amendment, provided the determination also relies on activities not protected by the First Amendment." *United States v. Rosen*, 447 F. Supp. 2d 538, 548–49 (E.D. Va. 2006). Thus, for example, FISA "plainly allows a FISC judge to issue an order allowing the surveillance or physical search if there is probable cause to believe that the target, even if engaged in First Amendment activities, may also be involved in unlawful clandestine intelligence activities, or in knowingly aiding and abetting such activities." *Id.* at 549; *see also United States v. Aziz*, 228 F. Supp. 3d 363, 377 (M.D. Pa. 2017) (upholding FISA applications that "were grounded in conduct which plainly exceeds the bounds of the First Amendment's protective sphere"). Statements made in furtherance of a conspiracy, for example, may be evidence of the participant's criminal intent. *United States v. Elshinawy*, 2017 WL 1048210, at *11 (D. Md. Mar. 20, 2017). Here, after a thorough review of the information that supported the FISC's probable cause determination, the Court concludes that while Rahim may have been engaged in some protected First Amendment activities, these activities were not the sole basis underlying that determination. There were ample grounds other than Rahim's First Amendment activities for the FISC judge to find probable cause that the target of the surveillance was an agent of a foreign power. Rahim's First Amendment argument is thus without merit.

In sum, a detailed, *in camera* review of the FISA materials in this case clearly shows that: (1) the FISA application here established the requisite probable cause; (2) the certification submitted by the Executive Branch in support of the FISA application was properly made; and (3) the collection and retention of nonpublic information was properly minimized. Accordingly, the Court finds that disclosure of the FISA materials is not necessary in this case. In the course of conducting an *in camera* review of the FISA materials, "the district court has discretion to disclose the

information to the aggrieved person *but only where* such disclosure is *necessary* to make an accurate determination of the legality of the surveillance." *El-Mezain*, 664 F.3d at 566 (quoting 50 U.S.C. § 1806(f)) (emphasis added and internal quotations removed). On the other hand, "[w]hen the district court 'determines that the surveillance was lawfully authorized and conducted, it *shall deny* the motion of the aggrieved person except to the extent that due process requires discovery or disclosure." *Id.* (quoting § 1806(g)) (emphasis added). "[D]isclosure of FISA materials is the exception and *ex parte, in camera* determination is the rule." *Id.* at 567 (quoting *United States v. Abu–Jihaad*, 630 F.3d 102, 129 (2d Cir. 2010)). In fact, it appears, as the parties acknowledge, that no court has found it necessary to disclose FISA materials to determine the legality of surveillance. Doc. 76, Mot. to Suppress, 14; Doc. 81, Gov't's Resp., 15–16 (citing, *inter alia*, *El-Mezain*, 664 F.3d at 566 (citing the district court's finding that no court has ever ordered that FISA materials be disclosed or that an adversarial hearing be conducted as provided by § 1806(f))). The Court has conducted an extensive *in camera* review of the FISA applications, orders, and other materials associated with the present matter. Review of these materials has not been overly complicated, and the Court finds that it does not need the assistance of defense counsel to make an accurate determination of the legality of the surveillance. Nor does the Court find that due process necessitates disclosure of any of the confidential FISA materials. *See United States v. Hasan*, 535 F. App'x 378, 379 (5th Cir. 2013) (holding that generalized due-process objection against FISA was "foreclosed by circuit precedent" in *El-Mezain*, 664 F.3d at 567–68). The Court thus holds disclosure is not necessary here.

The Court also rejects Rahim's request for a *Franks* hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). "A defendant is entitled to a *Franks* hearing if he shows 'that (1) allegations

in a supporting affidavit were deliberate falsehoods or made with a reckless disregard for the truth, and (2) the remaining portion of the affidavit is not sufficient to support a finding of probably cause." *El-Mezain*, 664 F.3d at 570 (citing *United States v. Brown*, 298 F.3d 392, 395 (5th Cir. 2002)). Rahim has not satisfied either of these requirements, and even after its own review, the Court finds no support for the assertion that statements in support of the FISA warrant were deliberate falsehoods or made with reckless disregard for the truth. *See id.*; *see also Huang*, 15 F. Supp. 3d at 1142 (rejecting request for *Franks* hearing where the defendant had "not offered anything more than conclusory speculations about allegations of falsehoods in the FISA affidavit").

Finally, the Court acknowledges that Rahim has made a number of arguments attacking the constitutionality of the FISA statutory framework. Doc. 76, Mot. to Suppress, 19–32. In making these challenges, Rahim admits that many of them have been explicitly rejected, but nonetheless asserts they should be considered because of the particular facts of this case and lack of binding precedent. *Id.* at 19–20. The Court declines the opportunity to revisit these issues and dismisses Rahim's constitutional arguments as follows:

1. While undecided in this Circuit, *see United States v. Aldawsari*, 740 F.3d 1015, 1018 (5th Cir. 2014), the Court sides with the contingent of circuits that have held the "significant purpose" standard does not violate the Fourth Amendment.[1] Relatedly, Rahim's argument that FISA's probable cause standard violates the Fourth Amendment has been rejected[2] and thus fails.

---

[1] *See Aldawsari*, 740 F.3d at 1018 n.3 (citing *United States v. Duka*, 671 F.3d 329, 338–46 (3d Cir. 2011); *United States v. Abu–Jihaad*, 630 F.3d 102, 127–29 (2d Cir. 2010); *United States v. Ning Wen*, 477 F.3d 896, 898–99 (7th Cir. 2007); *United States v. Damrah*, 412 F.3d 618, 625 (6th Cir. 2005)).

[2] *See Huang*, 15 F. Supp. 3d at 1139 (citing *United States v. Isa*, 923 F.2d 1300, 1304 (8th Cir. 1991); *Ning Wen*, 477 F.3d at 898); *United States v. Duggan*, 743 F.2d 59, 72–74 (2d Cir. 1984) (pre-Patriot Act case upholding FISA's standards and procedures as reasonable under Fourth Amendment); *see also United States v. Sherifi*, 793 F. Supp. 2d 751, 759–60 (E.D. N.C. 2011) (recognizing that courts have rejected Fourth Amendment challenges to the magistrate, warrant, and particularity requirements); *United States v. Warsame*,

2. The Court rejects Rahim's arguments that FISA runs afoul of the Fourth Amendment's warrant, particularity, and magistrate requirements. *See United States v. Cavanagh*, 807 F.2d 787, 790–91 (9th Cir. 1987) (rejecting Fourth Amendment warrant, particularity, and judicial-review challenges to FISA); *United States v. Mubayyid*, 521 F. Supp. 2d 125, 135–38 (D. Mass. 2007) (same). *See also In re Sealed Case*, 310 F.3d 717, 739–42 (FISA Ct. Rev. 2002) (discussing particularity and warrant requirements).

3. Rahim's right-to-counsel and Confrontation Clause challenges to FISA *ex parte* review procedure have been rejected.[3] The Court agrees with those decisions.

4. The Court rejects Rahim's argument that FISA violates Article III by permitting courts to act when there is no case or controversy. *See Cavanagh*, 807 F.2d at 791–92; *Matter of Kevork*, 634 F. Supp. 1002, 1014 (C.D. Cal. 1985), *aff'd*, 788 F.2d 566 (9th Cir. 1986) (rejecting Article III and separation-of-powers challenges); *Falvey*, 540 F. Supp. at 1313 n.16 (rejecting similar arguments).[4] Nor does FISA impermissibly abrogate the authority of the judiciary in favor of the executive branch or violate some other separation-of-powers principle.[5]

In summary, the Court has reviewed Rahim's constitutional challenges and finds they have been foreclosed by the vast majority of courts to consider them. Rahim's facial and as-applied constitutional challenges to FISA are therefore denied.

---

547 F. Supp. 2d 982, 993 (D. Minn. 2008) ("FISA's probable cause and particularity requirements satisfy the reasonableness requirement of the Fourth Amendment).

[3] For cases rejecting Confrontation Clause challenges to FISA, see *United States v. Osmakac*, 868 F.3d 937, 956 (11th Cir. 2017); *United States v. Isa*, 923 F.2d 1300, 1306–07 (8th Cir. 1991);. For cases rejecting right-to-counsel challenges, see *United States v. Belfield*, 692 F.2d 141, 148–49 (D.C. Cir. 1982); *United States v. Nicholson*, 955 F. Supp. 588, 592 (E.D. Va. 1997); *United States v. Falvey*, 540 F. Supp. 1306, 1315–16 (E.D.N.Y. 1982). *See also United States v. Aziz*, 228 F. Supp. 3d 363, 369 & n.4 (M.D. Pa. 2017) (collecting cases and dismissing defendant's Fourth, Fifth and Sixth Amendment challenges to FISA application).

[4] *See also In re Sealed Case*, 310 F.3d at 732 n. 19 ("In light of *Morrison v. Olson* and *Mistretta v. United States* . . . we do not think there is much left to an argument made by an opponent of FISA in 1978 that the statutory responsibilities of the FISA court are inconsistent with Article III case and controversy responsibilities of federal judges because of the secret, non-adversary process.").

[5] *See United States v. Benkahla*, 437 F. Supp. 2d 541, 555 (E.D. Va. 2006) ("Every court, including this one, that has addressed similar arguments has completely reject them."); *United States v. Medunjanin*, 2012 WL 526428, at *6–7 (E.D.N.Y. Feb. 16, 2012) ("FISA's probable cause requirement does not commit to the executive, either *de jure* or *de facto*, a function, which properly inheres to the courts.").

## IV.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant Said Azzam Mohamad Rahim's Motion to Suppress FISA-Related Material and for Disclosure of FISA-Related Material (Doc. 76). The Court rejects all of Rahim's arguments for both disclosure and/or suppression of the FISA materials related to this case. Based on the Court's *in camera* and *ex parte* review of the relevant FISA materials, the Court concludes that disclosure of FISA materials to defense counsel is not warranted in this case because the electronic surveillance was lawfully authorized and lawfully conducted, according to the relevant minimization procedures. Additionally, the Court finds no basis to suppress any of the evidence collected pursuant to the FISA application and warrant issued by the FISC Court.

**SO ORDERED.**

**SIGNED: April 15, 2019.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE