UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | § | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:17-CR-0169-B |
| | § | |
| SAID AZZAM MOHAMAD RAHIM, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION & ORDER**

Before the Court is the Government's Federal Rule of Evidence 404(b) Notice (Doc. 101) and Defendant Said Azzam Mohamad Rahim's Objections thereto (Doc. 107).

The Government seeks to introduce evidence of various allegedly bad acts committed by Rahim. This evidence falls into two categories: (1) Rahim's statements related to Hamas; and (2) Rahim's statements related to past criminal conduct. The Court addresses each in turn.

A.  *Rahim's Statements Related to Hamas*

First, the Government provides notice of its intention to introduce statements Rahim made on the social-media application Zello. Doc. 101, Gov't's Notice, 1. Rahim made the statements in question on December 30, 2015—within the period of the charged conspiracy. *Id.* In full, Rahim stated:

> I asked the question; meaning Hamas has this thorn in Gaza, then why doesn't Hamas implement the God's Shari'ah, what is preventing it?
>
> You may tell me because they are believers in appeasement. Then it means they believe in Israel. And here we mention Haniyeh when he swore by God that he will

never recognize Israel although inclusively he does recognize it. But the appeasement? Why doesn't the state of war continue? Why? Then why does the state of war continue, due to some political considerations. Why?

Then why doesn't Hamas take advantage of the state of disgrace and submissiveness that God has disgraced them with eternally? Why doesn't Hamas take advantage of it? Why don't they take advantage of it? But Hamas takes everyone into account. And I used to be uh from Hamas. I used to be Hamas. But I had enough of it and denounced it. "Declare the tyrants and infidels and kill all their countrymen. And direct your heart to worship only worshiped God." That's it. I was done with Hamas. I was Hamas, I used to defend it but thank God, the Lord of the Worlds, I became aware of the Islamic nullifications, I got to know the rules of no god but God, and I got to know what the most trustworthy and unbreakable handhold is, I got to know what the tyrants are, its parts and such.

Who do they have other than God, may He be exalted: So, may God bless you, this is an invitation to myself and everybody else to denounce the Muslim Brotherhood, because their unbelief has been proven and became apparent to all. Al-Sisi is an unbeliever literally and unanimously, an unbeliever, why don't the go announce it? But, there are consideration.

*Id.* at 1–2. The Government has not provided the Court with information on to whom these statements were made.

The Government first argues these statements are not even subject to Rule 404(b) because they are intrinsic to the charges Rahim faces. *Id.* "Rule 404(b) is only implicated when the offered evidence is extrinsic; evidence intrinsic to the charged offense does not implicate the rule." *United States v. Crawley*, 533 F.3d 349, 353–54 (5th Cir. 2008). "Other act evidence is 'intrinsic' when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged." *United States v. Rice*, 607 F.3d 133, 141 (5th Cir. 2010) (quoting *United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990)). "Intrinsic evidence is admissible to complete the story of the crime by providing the immediate context of events in time and place, and to evaluate all of the

circumstances under which the defendant acted." *Id.* (internal citations and quotations omitted). Additionally, "acts committed in furtherance of the charged conspiracy are themselves part of the act charged and therefore qualify as intrinsic evidence." *United States v. Ceballos*, 789 F.3d 607, 621 (5th Cir. 2015) (cleaned up). On the other hand, "when evidence of a defendant's uncharged crimes, wrongs, or other acts is *extrinsic* to the offense, the admission of that evidence is limited under Rule 404(b)." *Id.* (emphasis in original).

The Government argues these statements are intrinsic to the crimes charged—conspiring and attempting to provide material support to a foreign terrorist organization—because they are "admissions that he is a terrorist and supporter of the most extreme forms of terrorism." Doc. 101, Gov't's Notice, 2. Rahim responds that these statements are not intrinsic because they do not fit into any of the categories for intrinsic evidence the Fifth Circuit has established. Rahim argues these statements do not "complete the story" presented of his alleged criminal conduct because these statements do not involve ISIS. Rahim contends that because he is being tried for his alleged support of ISIS, not Hamas, his purported support of Hamas is not relevant the narrative of the crime charged. Doc. 107, Rahim's Obj., 2–3. He also argues that these statements are not evidence of a "single criminal episode" because a "claim that someone *used to be* a member of a terrorist organization is not a crime." *Id.* at 3 (emphasis in original). Nor, Rahim argues, are these statements a "necessary preliminary" to the crimes charged because it is not necessary the Government proves that he was a member of Hamas prior to his alleged support of ISIS. *Id.* Thus, Rahim concludes that the statements should be classified as "extrinsic" evidence and subject to Rule 404(b). *Id.*

The Court agrees with the Government that these statements are intrinsic to the crimes with which Rahim is charged. Rahim made these statements about his previous association with Hamas

during the time of the conspiracy alleged in this case. Doc. 101, Gov't's Notice, 1. These statements are probative of the context in which both the alleged conspiracy and material support occurred. They are also relative to essential elements of the crimes charged, including whether or not Rahim had knowledge about ISIS's connection to terrorism. *See* 18 U.S.C. § 2339B(a)(1).

Moreover, even if the evidence is not intrinsic, the Court would find that these statements are admissible under 404(b) as proof of Rahim's state of mind in relation to the crimes charged. Rahim's statements arguably reflect that he had the intent to join and support a group that had stronger convictions than Hamas. Doc. 101, Gov't's Notice, 1–2. He admitted to being a member of Hamas, but "denouncing it" for its weakness. *Id.* This also shows he had knowledge of the objectives of certain foreign terrorist organizations, and it may reflect a motive to provide support to such organizations that were more extreme than Hamas. *Cf. United States v. Mustafa*, 406 F. App'x 526, 528 (2d Cir. 2011) (holding district court did not abuse discretion in admitting evidence under 404(b) that the defendant associated with a terrorist group other than the one the defendant was charged with supporting because it was "highly probative" of his state of mind). Rahim does not challenge that these statements are relevant to the issues of his state of mind; he does challenge, however, their admissibility under Rule 403. Doc. 107, Rahim's Obj., 3. Rahim claims that showing this evidence to a jury would result in the impermissible inference that because Rahim previously supported a different terrorist organization, he "must have" supported ISIS. *Id.* While the Court understands Rahim's concern, the Court is confident any prejudice can be cured with an instruction to the jury that they shall consider these statements solely for the purposes of proving Rahim's intent, knowledge, motive, etc. *See United States v. Abu-Jihaad*, 630 F.3d 102, 134 (2d Cir. 2010) ("[A]ny danger of unfair prejudice was here again minimized by the district court's limiting instructions,

which we presume the jury followed.") (internal citations omitted). The Court thus finds that this evidence possesses probative value that is not substantially outweighed by its risk of undue prejudice, and that the Government is not barred from presenting it at trial.

B.   *Rahim's Statement Related to Past Criminal Conduct*

The Government next provides notice of its intent to introduce statements Rahim made in a December 12, 2007 interview with Customs and Border Patrol agents conducted at Dallas–Fort Worth International Airport. Doc. 101, Gov't's Notice, 2–3. In this interview, the Government states that Rahim admitted to multiple incidents of past criminal conduct. The Government states that Rahim told the agents he was jailed twice in the West Bank: the first time for "fighting," and the second time for his involvement in a car accident that resulted in the death of a bicyclist. *Id.* Rahim also allegedly told the agents that he was arrested in Chicago on a weapons charge when he pulled a gun out from behind a counter at a store. *Id.* These are the extent of the details the Government has provided on these incidents. The Government argues they should be admitted because they go to Rahim's knowledge and intent for the present crimes. *Id.* at 3. Specifically, the Government argues they are relevant because Rahim allegedly recruited others to commit acts of terror and made some statements that referenced running people over with trucks. *Id.*

Rahim argues that the Court should not admit these statements because none of these alleged bad acts relate to the crimes charged. Doc. 107, Rahim's Obj., 3. Rahim argues these acts do not in any way involve supporting a foreign terrorist organization or lying to the FBI. Rahim also asserts that the connection between his involvement in a car accident and his online references to running people over is specious. *Id.* at 3–4. Rahim states that his online statements were referring directly to the attack that occurred in Nice, France in 2016, where a truck drove into a crowd of people. *Id.*

The Court concludes that this evidence will not come in at trial. The Court agrees with Rahim that this evidence does not bear any relation to the crimes with which he is charged or one of the permissive purposes of Rule 404(b). The statements seem to accomplish only the objective of painting Rahim as a violent person. Thus, this evidence is inadmissible character evidence that will be excluded.

## CONCLUSION

For these reasons, the Court will allow the Government to present at trial Rahim's statements made on December 30, 2015, in support of Hamas, but will exclude Rahim's 2007 statements regarding his past criminal conduct.

**SO ORDERED.**

**SIGNED: April 26, 2019.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE